Stephen M. Doniger, Esq. (SBN 179314)
Email: stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
Email: scott@donigerlawfirm.com
Matthew DiNicola (SBN 240263)
Email: matthew@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IOU INTERNATIONAL, INC., a California Corporation, individually and doing business as VISION INTERNATIONAL 1, INC., | Case No.: |
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; |
| vs. | |
| MIDTHRUST IMPORTS, INC., a California Corporation; and DOES 1-10, | Jury Trial Demanded |
| Defendants. | |

Plaintiff, IOU INTERNATIONAL, INC., individually and doing business as VISION INTERNATIONAL 1, INC. (collectively, "VISION") by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

VISION brings this suit to seek redress for infringement of VISION's rights in its original artwork. VISION is a fashion industry company that creates original and aesthetically-appealing fabric designs for use in the fashion industry. VISION's ability to exclusively offer these designs to its customers is crucial to VISION's success. Defendants have manufactured, or had manufactured, fabric and/or garments bearing an almost exact copy of one of VISION's proprietary designs, and have marketed and sold those products to others in the fashion market, and the public.

Defendants, and each of their, obvious, willful infringement of VISION's proprietary design has resulted in significant damage to the company, as alleged herein.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendants because they have extensive contacts with, and conduct business within, the State of California and this judicial district; Defendants have placed products into the stream of commerce with the understanding that the products may or will be transacted in California; the causes of action asserted in this Complaint arise out of Defendants' contacts with this judicial district; and because Defendants have caused tortious injury to Plaintiff in this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

1

## **PARTIES**

2

5.  Plaintiff VISION is a corporation organized and existing under the laws of

3

the State of California.

4

6.  Plaintiff is informed and believes and thereon alleges that Defendant

5

MIDTHRUST IMPORTS, INC., a California Corporation, (collectively,

6

"MIDTHRUST") is a corporation organized and existing under the laws of the state

7

of Delaware, and is doing business in and with California.

8

7.  Plaintiff is informed and believes and thereon alleges that Defendant DOES

9

1-4, inclusive, are manufacturers, and/or vendors (and/or agent or employee of

10

manufacturers or vendors) of garments to Defendant, which DOE Defendants have

11

manufactured and/or supplied and are manufacturing and/or supplying fabrics and

12

other product printed with Plaintiff's copyrighted design (as hereinafter defined)

13

without Plaintiff's knowledge or consent or have contributed to said infringement.

14

The true names, whether corporate, individual or otherwise of Defendants DOES 1-

15

4, inclusive, are presently unknown to Plaintiff, which therefore sues said

16

Defendants by such fictitious names and will seek leave to amend this complaint to

17

show their true names and capacities when same have been ascertained.

18

8.  Defendants DOES 5 through 10, inclusive, are other parties not yet

19

identified who have infringed Plaintiff's copyrights, have contributed to the

20

infringement of Plaintiff's copyrights, or have engaged in one or more of the

21

wrongful practices alleged herein, including but not limited to retail stores and others

22

who have sold the garments at issue in this case. The true names, whether corporate,

23

individual or otherwise, of Defendants 5 through 10, inclusive, are presently

24

unknown to Plaintiff, which therefore sues said Defendants by such fictitious names,

25

and will seek leave to amend this Complaint to show their true names and capacities

26

when same have been ascertained.

27

28

9.  Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO 1577

10. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design Plaintiff's Internal Design 1577 (the "Subject Design"). This artwork was a creation of Plaintiff and its design team, and is, and at all relevant times was, owned exclusively by Plaintiff.

11. Plaintiff has applied for and received a United States Copyright Registration for the Subject Design.

12. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries. A true and correct image of the Subject Design is presented below:

Subject Design:



13. Following this distribution of product bearing the Subject Design, Plaintiff is informed and believes that certain entities within the fashion and apparel industries had misappropriated the Subject Design, and were selling fabric and garments bearing illegal reproductions and derivations of the Subject Design.

14. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, MIDTHRUST and certain DOE defendants created, sold,

manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring designs which are substantially similar to the Subject Design (hereinafter "Infringing Product").

15. Plaintiff is informed and believes and thereon alleges that MIDTHRUST sold Infringing Product to numerous companies, including without limitation the following:

a. Fashion Dazzle, which sold infringing MIDTHRUST fabric in the form of garments under, inter alia, Style No. DR6026. Such Infringing Product bore the "fashion dazzle" label, indicating said garments were manufactured by or were supplied by Fashion Dazzle which Plaintiff is informed and believes acquired said Infringing Product from MIDTHRUST. See below for an image of one such garment with tags:

///
///





16. A comparison of the Subject Design and the design on the MIDTHRUST fabric used to create the non-exclusive exemplar presented above establishes that the elements, composition, colors, arrangement, layout, and appearance of the two designs are substantially similar.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement - Against All Defendants and Each)

17. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

18. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to legitimate Plaintiff's fabric in the marketplace; and (d) access to Plaintiff's strike-offs and samples.

19. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor.  Plaintiff is further informed and believes and thereon alleges that said Defendant(s) have an ongoing business relationship with the retailer Defendants, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured an unauthorized print design that was identical or substantially similar to the Subject Design.

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling fabric and/or garments which infringe the Subject Design through a nationwide network of retail stores and on-line outlets.

21. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

22. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

23. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and

indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

24. Plaintiff is informed and believes and thereon alleges that the infringement of Plaintiff's copyrighted design was willful, reckless, and/or in blatant disregard for Plaintiff's rights as a copyright holder, and as such, claims willful, exemplary, and enhanced statutory damages.

## SECOND CLAIM FOR RELIEF

### (For Vicarious and/or Contributory Copyright Infringement - Against All Defendants and Each)

25. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

26. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Design as alleged hereinabove.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

28. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

29. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would

not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

30. Plaintiff is informed and believes and thereon alleges that the infringement of Plaintiff's copyrighted design was willful, reckless, and/or in blatant disregard for Plaintiff's rights as a copyright holder, and as such, claims willful, exemplary and enhanced statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### ***Against All Defendants***

31. <u>With Respect to Each Claim for Relief:</u>

    b.  That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

    c.  That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

    d.  That Plaintiff be awarded additional, enhanced, and elevated damages given the reckless and willful nature of the acts alleged;

    e.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

f.  That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from their acts of infringement;

g.  That Plaintiff be awarded pre-judgment interest as allowed by law;

h.  That Plaintiff be awarded the costs of this action;

i.  That Plaintiff be awarded general and special damages; and

j.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.


A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Dated: January 8, 2015                    Respectfully submitted,


                                   By:    <u>/s/ Matthew DiNicola</u>
                                          Scott A. Burroughs, Esq.
                                          Matthew DiNicola, Esq.
                                          DONIGER / BURROUGHS
                                          Attorneys for Plaintiff